In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-521 CR


____________________



FARAN YUSAFI, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


 Montgomery County, Texas


Trial Cause No. 04-07-05410-CR







MEMORANDUM OPINION

 A jury found Faran Yusafi guilty of possession of child pornography. See Tex. Pen.
Code Ann. § 43.26 (Vernon 2003). Yusafi contends his trial counsel rendered ineffective
assistance. 

 The issue presented is whether trial counsel's representation fell below an objective
standard of reasonableness under prevailing professional norms and rendered the result of
the proceeding unreliable. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984); see also Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim.
App. 2005). Appellate review of defense counsel's performance is highly deferential. Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Because of the difficulties inherent
in making the evaluation, a court must indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance; that is, the defendant must
overcome the presumption that, under the circumstances, the challenged action 'might be
considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana,
350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)); see also Bone, 77 S.W.3d at 833. Trial
counsel's ineffective assistance of counsel must be "firmly founded in the record." Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The Court of Criminal Appeals has
noted that "in the vast majority of cases, the undeveloped record on direct appeal will be
insufficient for an appellant to satisfy the dual prongs of Strickland." Thompson, 9 S.W.3d
at 816 n.6. 

 Appellant argues his trial counsel was ineffective because he failed to obtain expert
witnesses; failed to investigate and interview witnesses and determine their testimony fully;
failed to challenge for cause or object to a specific juror; failed to object to the admission of
evidence when the evidence was not properly authenticated, identified, and related to the
appellant; failed to properly object and preserve any error in the State's jury argument; 
agreed to stipulate to the State's identification of appellant; and made no motion for directed
verdict based on the State's failure to identify appellant as the person responsible for the
alleged offense. 

 Moh Yusafi, appellant's ex-wife, testified she and appellant married in 2001. 
Appellant was a computer programmer with the Texas Department of Criminal Justice. 
Appellant and his wife lived with appellant's mother. He had his own room where he kept
his computer. Moh entered appellant's room and saw a picture of a nude girl. Appellant
claimed an internet source sent the picture. According to Moh, appellant subsequently began
locking the door to the room when he was inside. 

 Approximately a year after this incident, Moh became suspicious of appellant's
behavior and entered appellant's room after he left the house. The computer screen was
black. She touched the keyboard and the words on the screen led Moh to believe appellant
had been looking at pornography. Moh confronted appellant. Appellant said he received
"these things" and they "just showed up" on his computer. 

 Moh eventually left appellant. One week after leaving appellant, Moh returned to the
house and retrieved personal belongings and two of appellant's computers. She asked her
nephew to see what was on the computer. The computer's password protection prevented
her nephew from accessing the computer's files. 

 Moh reported appellant to the TDCJ. Lieutenant Russell Weaver asked Nathan Ward,
an investigator with the TDCJ Inspector General's Office, to call Moh. Moh told Ward about
the incidents. When his lieutenant took possession of appellant's computers, Ward was
assigned to investigate the case. Moh testified she had the computers two days before
turning them over to the Inspector General's Office. 

 Ward interviewed appellant. Appellant denied child pornography was on the
computers. Ward obtained appellant's written consent to search the computers. A computer
forensics expert and special agent with the United States Secret Service searched the hard
drives. The agent found child pornography on both hard drives, and the date and time
stamps show the files were created in 1999, 2001, 2002, and 2003. The trial court admitted
in evidence a disk with approximately 9600 pictures downloaded from the computers, and
also admitted as exhibits several of the pictures. The jury found appellant guilty of
possession of child pornography. 

 Appellant complains his counsel failed to call any fact or expert witness to further his
theory that Moh "planted" the images on the computers. "A claim of ineffective assistance
of counsel based on counsel's failure to call witnesses fails in the absence of a showing that
such witnesses were available to testify and that the defendant would have benefitted from
their testimony." Wade v. State, 164 S.W.3d 788, 796 (Tex. App.--Houston [14th Dist.]
2005, no pet.); see also Wilkerson v. State, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986);
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Without any showing that any
fact or expert witness was available to testify and that the testimony would benefit the
defendant's case, a reviewing court must presume defense counsel exercised his reasonable
professional judgment in deciding not to call witnesses. Wade, 164 S.W.3d at 796. 
Appellant fails to demonstrate which fact or expert witnesses were available for trial or how
their testimony would benefit his case. As for appellant's argument that an expert witness
was necessary to promote the theory that Moh could have planted the images on the
computer during the time the computers were in her possession, defense counsel successfully
elicited from the special agent the fact that the date stamp for each image file could be
modified. Counsel may have concluded cross-examination of an opposing witness would
possibly be more effective than calling an expert witness, and in this undeveloped record on
direct appeal there is nothing to establish that judgment was unreasonable. That another
attorney may have pursued a different tactic at trial is insufficient to prove a claim of
ineffective assistance. Miniel v. State, 831 S.W.2d 310, 325 (Tex. Crim. App. 1992). On this
record, defense counsel's approach has not been shown to be ineffective assistance of
counsel.

 Appellant maintains defense counsel's cross-examination of the State's witnesses
failed to elicit information useful to his theory of the case. Defense counsel obtained
testimony during his cross-examination of Moh as to the length of time she possessed the
computers. He elicited testimony regarding her anger towards appellant. As noted above,
during defense counsel's cross-examination of the the special agent, the agent conceded the
date and time stamp for each image file could be modified. Appellant's claim of ineffective
assistance with respect to cross-examination is not "firmly founded in the record." See
Thompson, 9 S.W.3d at 813. 

 Appellant argues defense counsel failed to challenge juror #30 for cause and did not
object to the judge's inclusion of the juror in the panel from which defense counsel made his
peremptory strikes. Appellant contends juror #30 was a vacillating juror who provided
different answers to the same question during voir dire. 

 We first consider whether the inclusion of juror #30 on the jury panel over defense
counsel's objection, had he objected, would have been error. Counsel does not render
ineffective assistance of counsel by failing to object if there is no error. Johnson v. State, 691
S.W.2d 619, 626 (Tex. Crim. App. 1984). In the case of a vacillating venire member, an
appellate court generally defers to the trial court's decision because the trial court is in the
best position to see and hear the venire member during voir dire. Granados v. State, 85
S.W.3d 217, 232-33 (Tex. Crim. App. 2002). The trial court's ruling generally will not be
disturbed unless there is no adequate basis in the record to support the ruling. Vuong v. State,
830 S.W.2d 929, 944 (Tex. Crim. App. 1992). Factors such as demeanor and tone of voice
are important in conveying the precise message intended by the venire member. Mooney v.
State, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991).

 Defense counsel asked during voir dire which venire members could not consider the
full range of punishment. Juror #30 initially raised her hand. The trial court allowed other
venire members to take a break while the defense and State could continue with follow-up
questioning of some of the venire members, including juror #30. The defense questioned
juror #30 specifically as to whether she would be able to consider the full range of
punishment:

 [Defense Counsel]: All right. We need to get an answer though. Would you
be able [to] consider the full range of punishment?


 [Juror #30]: Sure.


 [Defense Counsel]: You could?


 [The Court]: Could. Okay. Good. So you get a break just like everyone else.


Even if an objection had been made to the trial court's decision not to strike juror #30 for
cause, that objection would not have been supported by this record. Counsel's failure to
object to a correct ruling is not ineffective assistance of counsel.

 Appellant argues that after the trial court sustained defense counsel's objection to the
State's jury argument regarding the time it would take to download each image found on the
computers by someone doing this without appellant's knowledge and consent, defense
counsel should have asked for an instruction to disregard the argument or ask for a mistrial. 
He further argues defense counsel should have sought the trial court's permission to further
argue for the court to sustain an overruled objection and should have moved to pursue his
objection outside the jury's presence. 

 Defense counsel's sustained objection was in response to the State's argument that it
would take thirty seconds to download and change the date and time stamp for each file and
that would be "best case scenario." Defense counsel made the following objection to the
argument: "Misleading. Misstatement of the evidence." The trial court sustained the
objection. Counsel for the State reworded her summation of the evidence. Defense counsel
objected again on the same basis, and the trial court overruled that objection. Appellant has
failed to show the trial court's rulings were erroneous or that the argument required
additional correction or an instruction to disregard. Appellant has also failed to show
entitlement to a mistrial. This undeveloped direct appeal record does not establish counsel
was ineffective as to these objections. 

 Last, appellant asserts that by stipulating to appellant's identity, defense counsel
possibly waived an error or a series of errors on the part of the State in failing to have
appellant identified in open court as the owner of the computers (State's Exhibits 2 and 3),
as the person named in the indictment, or as the person who signed the consent to search
(State's Exhibit 1). Appellant argues defense counsel's stipulation conceded an element of
the case on which the State had the burden of proof. In a separate but related issue, appellant
also asserts defense counsel should have objected to the admission of the written consent to
search form because no one identified the "person sitting in court" as the person who signed
the form. He argues defense counsel failed to object to the lack of proper identification of
appellant by the State. Appellant contends counsel should have objected to the admission
of the computers on the basis that these exhibits were not the same computers that had been
tendered to the Inspector General's Office. 

 The defense theory at trial was that appellant was "framed" by his ex-wife. 
Conceding appellant owned the computers admitted as State's Exhibits 2 and 3 was not
inconsistent with that theory, nor was the fact that appellant was the person who signed the
consent to search form, or that appellant was the person named in the indictment. The record
does not reflect the reasons for the stipulation. An appellate court generally should not
second-guess defense counsel's strategy. See Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim.
App. 1986)(citing Strickland, 466 U.S. at 690-91); Saylor v. State, 660 S.W.2d 822, 824
(Tex. Crim. App. 1983). On this record on direct appeal, without more, we cannot say
counsel was necessarily ineffective in stipulating to appellant's identity, or that the result at
trial would have been different without the stipulation. 

 The record does not establish trial counsel's representation "fell below an objective
standard of reasonableness" or that, but for the alleged errors, the result of the proceeding
would have been different. Appellant's sole issue is overruled. The judgment is affirmed.

 AFFIRMED.

 ________________________________

 DAVID GAULTNEY

 Justice


Submitted on August 21, 2006

Opinion Delivered October 11, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, J.J.