**Ethel Lee GAMBLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44403.**

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

Rehearing Denied March 1, 1972.

---

T. M. Reid, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Sam Moore, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of murder with malice. Punishment was assessed by a jury at ten years.

The sufficiency of the evidence to support the conviction is not challenged.

The record reflects that on the afternoon of July 20, 1970, John Henry Watkins was visiting the home of the appellant. According to the testimony of Viola Lenford, who was also present on that occasion, an argument between appellant and Watkins was terminated by appellant shooting Watkins with a .22 caliber pistol. The police were called, and an ambulance was requested. Watkins was dead prior to the arrival of the ambulance.

Appellant contends that the trial court committed reversible error by admitting into evidence black and white photographs which were taken of the deceased at the scene.

■ The photographs in question were properly authenticated by three witnesses and a proper predicate was laid for their admission into evidence. Viola Lenford testified that the photographs were a fair and accurate representation of the scene. She stated that, when she left the house immediately following the shooting, she did not see the pistol in the deceased's hand. The photographs show a gun in the hand of the deceased. She also testified that the pistol was in the deceased's hand when she returned and that the photographic evidence was accurate. The police photographer authenticated the photographs; and Dr. B. B. Trotter authenticated the photographs of the deceased as depicting the man upon whom he had performed an autopsy. No error is shown by their introduction into evidence. See, Martin v. State, Tex.Cr.App., 475 S.W.2d 265 (1–26–72); Lanham v. State, Tex.Cr.App., 474 S.W.2d 197 (11–17–71); Fobbs v. State, Tex.Cr.App., 468 S.W.2d 392.

■ The photographs in question in the instant case are in black and white. No blood, or dark splotches appearing to be blood are shown.[1] The photograph of the wound appears only as a small dot on the picture. The contention that they were "inflammatory and prejudicial" is overruled.

Appellant also complains of the failure of the trial court to charge on aggravated assault. She contends that her testimony raised the issue of lack of intent to kill.

■ Whenever the means used are such as would ordinarily result in the commission of an offense, the intention to commit that offense is presumed. Article 45, Vernon's Ann.P.C. The intent to commit murder may be shown by the use of a

---

1. State's Exhibit No. 6 shows the area where the bullet apparently entered the body and a spot on the shirt is probably blood, but is very indistinguishable.

deadly weapon per se. Stallings v. State, Tex.Cr.App., 476 S.W.2d 679 (1–11–72); Hall v. State, Tex.Cr.App., 418 S.W.2d 810. A pistol is a deadly weapon per se, and the shooting of deceased at close range with such a weapon authorized a finding of malice. Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Ratcliffe v. State, Tex. Cr.App., 464 S.W.2d 664. Since the intent to kill is presumed, a charge on aggravated assault is not required. Suber v. State, Tex.Cr.App., 440 S.W.2d 293; Davis v. State, Tex.Cr.App., 440 S.W.2d 291.

Appellant complains that the trial court erred in answering a question submitted to the court during the jury's deliberation on guilt or innocence. The question was: "Give us a simple definition of murder with malice and murder without malice." The court's answer referred the jury to the charge already given.

■ Appellant contends that the court should not have answered the request. Article 36.27, Vernon's Ann.C.C.P., requires the court to answer communications of the jury and give additional instructions upon questions of law when the request is proper. If not, the court should inform the jury that their request is not proper by referring to the court's charge. Walker v. State, Tex.Cr.App., 440 S.W.2d 653; Allaben v. State, Tex.Cr.App., 418 S.W.2d 517. No error is shown.

■ Finally, appellant complains that the state was allowed to improperly impeach her character witnesses. Appellant does not specify at what point such alleged error occurred but instead refers generally to the statement of facts. This ground of error does not meet the requirements of Article 40.09, Sec. 9, V.A.C.C.P., and is therefore not properly before this court. Pierron, et al. v. State, Tex.Cr.App., 775 S.W.2d 475 (1–11–72); Green v. State, Tex.Cr.App., 470 S.W.2d 901.

Finding no reversible error, the judgment is affirmed.