**Donald WADE, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00140–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 2005.

Rosa Alexander Eliades, Houston, for appellants.

Shirley Cornelius, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

JOHN S. ANDERSON, Justice.

A jury convicted appellant of the first degree felony offense of possession of a controlled substance weighing more than four grams and less than two hundred grams. The jury found two enhancement paragraphs to be true and assessed punishment at confinement for 45 years in the Texas Department of Criminal Justice, Institutional Division. Appellant asserts the following four points of error on appeal: (1) the trial court erred in overruling his motion to suppress because Suzette Sauseda did not have authority to consent to the officers' entry into appellant's hotel room; (2) the trial court erred in refusing to answer the jury's question asking whether it should continue deliberating on appellant's detention if it did not find the State proved consent; (3) the trial court erred in not instructing the jury in the jury charge that it did not have to deliberate on the

legality of appellant's detention if it found there was no consent to enter the hotel room; and (4) the trial court erred in overruling appellant's motion for new trial asserting ineffective assistance of counsel based on trial counsel's failure to call a witness. We affirm.

## FACTUAL BACKGROUND

Appellant does not challenge the legal or factual sufficiency of the evidence to support his conviction. A brief recitation of the facts, however, will place the points of error in proper perspective.

On July 2, 2003, while on duty, Officer James Savell stopped a car for traffic violations. The male driver of the car was arrested for possession of cocaine. The female passenger in the car told Officer Savell they had purchased the cocaine from a man at the Southwind Motel, and she told him she could take him to where the cocaine could be found. When they arrived at the motel, the female pointed Officer Savell to room 108 and told him a black man, nicknamed "Reverend," was selling cocaine out of that room. Officer Savell knocked on the door to room 108, and Suzette Sauseda answered the door.

The testimony is contested as to whether Sauseda consented to the officers' entry into the motel room. According to Officer Savell, Sauseda told him the Reverend's name is Donald Wade, the appellant, and that he was not there. Officer Savell asked Sauseda if he and the other officers could come in and take a look around, and Sauseda invited the officers in to take a look around the room. While Officer Savell was looking around the room for appellant, he saw contraband in the room, all over the place.[1] Sauseda told Officer Savell appellant had borrowed her van but did not tell her where he was going. Offi-

cer Savell then went outside and waited for appellant to return. Sauseda testified she did not invite the officers into the room to search. According to Sauseda, the officers tricked her into opening the door after waking her up and rushed in with guns drawn.

Appellant drove into the parking lot of the motel in Sauseda's van about twenty minutes later. Sauseda told the officers, "That's my van. That's him." All of the officers were in uniform. Officer Savell approached the van along with the other officers. When appellant became aware of the officers' presence, Officer Savell saw appellant immediately reach down towards his right side in the van, towards the floorboard, look behind the seat, and then stare at them. Based on appellant's conduct, Officer Savell thought appellant may have been hiding or retrieving a weapon; Officer Savell testified that weapons are commonly found with narcotics. Another officer went around to the driver's side of the van and made contact with appellant. Officer Savell continued to make a sweep of the van to make sure there were no other weapons or occupants in the vehicle, and no weapons or contraband were found inside the van.

Once appellant got out of the van, an officer patted appellant down to make sure he did not have any weapons. During the pat-down, the officer discovered two medicine bottles in appellant's pocket. The bottles contained several pieces of crack cocaine weighing approximately five grams.

## DISCUSSION

### I. Sauseda's Consent

■ Appellant argues the cocaine discovered during the warrantless search of his motel room was illegally obtained and

---

1. The cocaine recovered from the motel room    weighed approximately two grams.

should have been suppressed because Suzette Sauseda did not have authority to consent to the officers' search of appellant's motel room. The State counters Sauseda's consent was valid, and the evidence obtained as a result of the search was admissible. Additionally, the State asserts that even without consideration of the evidence recovered from the motel room, the officers were justified in temporarily detaining appellant because they had a reasonable suspicion appellant had been engaged in illegal conduct, based on events independent of the search.

The record shows appellant has failed to preserve this argument for appellate review. Appellant's motion to suppress is a generic form motion in which appellant sought to suppress and exclude from evidence "[a]ny items seized as a result of [his] arrest; and any other item or information obtained as the result of the arrest and/or search of [appellant] by agents of the State of Texas, upon the grounds that his arrest was without probable cause and that the search and seizure was unreasonable and therefore, in violation of [the United States and Texas Constitutions]." Appellant further alleged in the motion there was no probable cause to arrest or detain him, arguing,

> The search was not conducted with the consent or permission of [appellant]. [Appellant] shows that this arrest and search was administered without a warrant. [Appellant] was not competent to understand his legal rights and could not have voluntarily consented to any search or questioning by any police officer or his agent.

Appellant did not argue in his motion to suppress that Sauseda lacked authority to consent to the search of his motel room. Additionally, appellant made no argument before the trial court regarding Sauseda's consent to the officers' search of the motel room.

The hearing on the motion to suppress consists solely of witness testimony and no argument. The hearing took place over the course of two days. On January 7, 2004, the State introduced its evidence on the motion to suppress and rested. The trial court continued the hearing until February 3, 2004, to ensure the presence of defense witnesses, and, on February 3, the defense presented the testimony of five witnesses, including appellant. The trial court carried the motion to suppress with the trial of the case. After the first day of trial, the trial court orally denied the motion to suppress.

■■■ Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. TEX.R.APP. P. 33.1(a); *Neal v. State,* 150 S.W.3d 169, 175 (Tex. Crim.App.2004) (holding prosecutorial vindictiveness claim not preserved for appellate review because appellant never presented claim to trial court). " 'Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only ... all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).' " *Id.* (quoting *Mendez v. State,* 138 S.W.3d 334, 342 (Tex.Crim.App.2004)). "[I]t violates 'ordinary notions of procedural default' for a Court of Appeals to **reverse** a trial court's decision on a legal theory not presented to the trial court by the complaining party." *Hailey v. State,* 87 S.W.3d 118, 122 (Tex.Crim.App.2002) (quoting *State v. Mercado,* 972 S.W.2d 75, 77–78 (Tex.Crim.App.1998)). This rule is based on the notions that a trial court's decision will not be reversed on a theory the trial court did not have an opportunity

to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Id.*

On appeal, appellant's first point of error is the following: "The trial court erred in overruling the motion to suppress when [Sauseda] did not have authority to consent to the officers' entry into [appellant's] hotel room." Appellant's complaint on appeal concerning the motion to suppress does not comport with his objections raised in the trial court. Appellant did not challenge Sauseda's authority to consent to the search of the motel room in the trial court. Thus, there is nothing for us to review, and this argument, presented for the first time on appeal, is waived.

We overrule appellant's first point of error.

## II. Jury Instructions

Appellant's second and third points of error focus on the trial court's instructions to the jury. Point of error number two argues the trial court erred in refusing to answer the jury's *question* asking whether it was to continue deliberating on the detention if it did not find the State proved consent. Point of error number three argues the trial court erred in not *instructing* the jury in the jury charge that it did not have to deliberate on the legality of the detention unless it found there was consent to enter the motel room.

Article 38.23 of the Texas Code of Criminal Procedure provides the following:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). Here, the jury charge included article 38.23 instructions concerning (1) whether Officer Savell obtained consent to enter the motel room from a person with actual or apparent authority to do so, Suzette Sauseda, and (2) whether Officer Savell possessed specific, articulable facts, which, along with any rational inferences from those facts, lead him to conclude that appellant was, had been, or would soon be engaged in criminal activity, justifying his detention of appellant.

In his third point of error, appellant argues the trial court erred in not giving the jury sufficient instruction to apply the law to its factual conclusions regarding the legality of the search of the motel room. He further contends the charge is misleading because the charge should have explained to the jury that it was to consider the legality of appellant's detention *only if* it found consent. Appellant did not object to the article 38.23 instructions in the charge.

The State asserts appellant's complaints are barred by the invited error doctrine. Additionally, the State contends the entry into and results of the search of the motel room are not facts essential to a determination of whether the police had specific and articulable facts justifying a temporary detention. The State argues the essential facts supporting appellant's temporary detention were undisputed: (1) the officers conducted a traffic stop earlier in the evening and received reliable, specific information from a passenger in the

stopped vehicle concerning appellant selling cocaine from a certain location; (2) the informant accompanied the officers to the motel and pointed out the motel room where she had previously purchased cocaine from a black male who went by the name of Reverend; and (3) the officers corroborated aspects of the informant's information, specifically that a black male whom others referred to as Reverend resided in the motel room identified by the informant and that the Reverend sold cocaine. The State further argues appellant's furtive gestures inside the van, along with the officer's past experiences linking guns to drugs, provided the officers with specific and articulable facts that reasonably led them to conclude appellant might possess a weapon, thus entitling them to conduct a pat-down search for their safety, during which the officers discovered two pill bottles containing cocaine. Based on these facts, the State argues the investigating officers had reasonable suspicion, based upon events *independent* of the motel room search, that appellant had been engaged in criminal activity, sufficient to justify appellant's temporary detention. We agree with the State's arguments.

■ First, appellant has failed to present us with a record reflecting which party requested the instruction at issue. Article 38.23 provides that a jury is to be instructed to resolve factual disputes over whether evidence was illegally obtained and, therefore, inadmissible. Tex.Code Crim. Proc. Ann. art. 38.23(a); *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App. 1986). Because it is possible appellant requested the instruction, no error is presented. *See Ortiz v. State,* 144 S.W.3d 225, 230 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). When a defendant requests a charge, and the court submits it, he cannot complain of that charge on appeal. Even if the charge is later found to

be erroneous, the accused cannot first invite error and then complain about it on appeal. *Id.* Thus, on this basis alone, the record does not affirmatively demonstrate error requiring reversal.

■ Additionally, the record supports the trial court's submission of two article 38.23 instructions to the jury; one concerning the issue of whether the officers obtained consent to enter the motel room, and the other concerning whether appellant's detention was legal. Appellant's asserted construction of the charge ignores the entirety of the court's instruction and the evidence introduced at trial. The evidence showed the legality of appellant's detention did not hinge upon whether Officer Savell first obtained valid consent to search the motel room; the legality of appellant's detention was a separate issue for the jury to determine apart from consent. Therefore, it was unnecessary for the trial court to give additional instructions to the jury instructing the jury that it did not have to deliberate on the legality of the detention unless it found there was consent to enter the hotel room. Accordingly, we overrule appellant's third point of error.

Appellant's second point is related to his third point. Appellant's second point of error stems from the trial court's responses to two jury notes submitted by the jury foreman to the court during the jury's deliberation on guilt or innocence. Both jury notes asked the trial court whether the jury should continue deliberating on the legality of appellant's detention if the jury did not find the State proved consent. The trial court responded to both notes by referring the jury to the court's charge and instructing the jury to continue its deliberations. Appellant did not object to the court's responses to the jury's notes.

■ Article 36.27 requires the court to answer communications of the jury and

give additional instructions upon questions of law when the request is proper. Tex. Code Crim. Proc. Ann. art. 36.27 (Vernon 1981); *Gamblin v. State,* 476 S.W.2d 18, 20 (Tex.Crim.App.1972). If the request is not proper, the court should inform the jury that their request is not proper by referring to the court's charge. *Id.* It is assumed that a jury will follow the instructions given, and a judgment will not be reversed without evidence the jury was actually confused by the charge. *Williams v. State,* 937 S.W.2d 479, 490 (Tex.Crim.App.1996).

As discussed above in our disposition of point three, the trial court did not err by not instructing the jury it did not have to deliberate on the detention if it failed to find the State proved consent. Because no such instruction was requested or required, the trial court did not err in referring the jury to the court's charge. *See Gilderbloom v. State,* 160 Tex.Crim. 471, 475, 272 S.W.2d 106, 109 (1954). Accordingly, we overrule appellant's second point of error.

### III.  Ineffective Assistance of Counsel

In his fourth point of error, appellant asserts he was denied effective assistance of counsel because his attorney failed to call a material witness, Saconda Anderson, who witnessed the police officer's entry into appellant's hotel room. In his motion for new trial, appellant alleged counsel was ineffective for failing to call six witnesses, including Anderson, during the guilt/innocence phase of trial. The trial court conducted a hearing by affidavits on appellant's motion for new trial. Appellant's and Anderson's affidavits were admitted into evidence during the hearing.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984). *See Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002) (citing *Strickland* ). Under *Strickland,* appellant must prove (1) his trial counsel's representation was deficient, and (2) his trial counsel's deficient performance was so serious that it prejudiced his defense. 466 U.S. at 687, 104 S.Ct. 2052; *Bone,* 77 S.W.3d at 833. To establish both prongs, appellant must prove by a preponderance of the evidence that counsel's representation fell below the objective standard of prevailing professional norms, and there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Id.* Appellant must identify specific acts or omissions of counsel that constitute the alleged ineffective assistance and affirmatively prove that they fell below the professional norm for reasonableness. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996), *overruled on other grounds, Mosley v. State,* 983 S.W.2d 249, 263 (Tex.Crim.App.1998). The alleged ineffectiveness must be firmly founded in the record. *Bone,* 77 S.W.3d at 835. If appellant fails to satisfy either prong of the test, we do not need to consider the remaining prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

Judicial scrutiny of counsel's performance must be highly deferential, and we indulge a strong presumption that counsel was effective. *Id.* at 689, 104 S.Ct. 2052; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). We presume counsel's actions were reasonably professional and motivated by sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("A fair assessment of attorney performance requires every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at the time."). Appellant must overcome this presumption by illustrating why trial counsel did what he did. *Belcher v. State*, 93 S.W.3d 593, 595 (Tex. App.-Houston [14th Dist.] 2002, pet. dism'd). When evaluating an allegation of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

A reviewing court should not second guess trial counsel's strategy in hindsight; thus, an affidavit supporting a motion for new trial can be critical to the success of a claim for ineffective assistance. *Storr v. State*, 126 S.W.3d 647, 651 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). In the absence of a record explaining trial counsel's actions, a reviewing court most likely cannot conclude trial counsel's performance fell below an objective standard of reasonableness unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim.App.2001).

A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify *and* that the defendant would have benefitted from their testimony. *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex.Crim.App. 1986); *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983). Without evidence to the contrary, we must presume appellant's counsel made the decision not to call these potential witnesses in the exercise of her reasonable professional judgment. *See In re J.F., Jr.*, 948 S.W.2d 807, 812–13 (Tex. App.-San Antonio 1997, no pet.).

At the motion for new trial hearing, appellant submitted an affidavit in which he testifies that he

asked [his] lawyer to talk to several witnesses who would have proved that the police conducted an illegal search of the hotel room, [his] vehicle and [himself], and that [he] was innocent of the crime. [He] gave [counsel] the name and number or address when [he] had the information. These witnesses would have shown the state's witnesses' testimony were [sic] incorrect and that [he] was not guilty as the police testified.

Appellant further states he provided counsel with Anderson's name as a witness. However, appellant does not state in the affidavit *when* he provided counsel with this information or whether Anderson *was available* to testify at trial.

Anderson states in her affidavit she was present at the Southwind Motel the night of appellant's arrest. She saw the police arrive and go to a room near where she was staying, and she witnessed five police officers at the door. One officer knocked but did not identify himself as a policeman, and the police were hidden from the room's window. Anderson further states in her affidavit,

I started watching and saw that the minute the door barely opened, they rushed into the room. It was not even a second after the door cracked open. .... I could not see what happened after they entered. .... The next thing I observed was [appellant] arrive in a light colored van and I saw about six or seven police off[icers] immediately rush the vehicle with their guns drawn. One black officer opened the driver's side door and he had a gun in one hand, and with the other, he pulled out the defendant from the van. Once he had him out, he slammed him against the van and the other officers joined him and they hit him and kicked him on the ground and finally pulled him up, and he was barely standing and they placed him

in a chair. . . . . About five minutes later, the ambulance eventually arrived and took [appellant].

Anderson does not state in her affidavit that she would have been available to testify at trial.

Besides the affidavits, the only other reference in the record to potential witnesses for the defense is a statement made by appellant's counsel, after the State rested its case, informing the trial court that at 4:55 p.m. that afternoon appellant had given him the names of four or five witnesses to subpoena by the next day in addition to some unnamed paramedics. Counsel told the court he would attempt to contact some of these individuals that afternoon. The trial court told appellant's counsel anything filed this late would be untimely and any witnesses who want to testify should be there by 10:15 a.m. the following morning.

■ Based on the foregoing, there is no indication in the record appellant provided counsel with Anderson's name prior to the afternoon preceding the last day of trial. Additionally, Anderson does not state in her affidavit that she was available to testify on behalf of appellant at trial. It is apparent from the record that appellant's counsel conducted a pre-trial investigation of the facts as she called other fact witnesses to testify on appellant's behalf at the motion to suppress hearing and at trial. The record contains no evidence of the reasoning behind appellant's trial counsel's actions in not calling Anderson as a witness. Appellant did not submit an affidavit from trial counsel on this issue, and appellant does not allege trial counsel re-

fused to provide an affidavit. Under these circumstances, we cannot conclude counsel's performance was deficient. *See Jackson,* 877 S.W.2d at 771–72; *see also Thompson,* 9 S.W.3d at 814 (holding when record provides no explanation as to the motivation behind trial counsel's actions, an appellate court should be hesitant to declare ineffective assistance of counsel). When confronted with a silent record, an appellate court is not required to speculate on the reasons behind trial counsel's actions. *Jackson,* 877 S.W.2d at 771. Here, the record is silent as to whether Anderson was available to testify at trial and counsel's strategy in not calling Anderson as a witness. Therefore, counsel's alleged ineffectiveness is not firmly established in the record.

Considering the totality of the representation, we find appellant's counsel's representation was not deficient and did not fall below an objective standard of reasonableness. Additionally, appellant failed to meet his burden to prove that any deficient performance prejudiced his defense.[2] Accordingly, we overrule appellant's fourth point of error.

We affirm the judgment of the trial court.

YATES, J., concurring.

LESLIE BROCK YATES, Justice, concurring.

In his first issue, appellant complains that the officers did not have proper consent from Sauseda to search his motel room, under either an actual or apparent authority theory. The majority does not

---

2. Appellant argues Anderson's testimony would have "tipped the scales" in appellant's favor due to the jury's close examination of the suppression issue. Having determined appellant's detention did not hinge on whether or not Officer Savell had consent to search

the motel room, Anderson's testimony concerning the manner in which the officers entered the hotel room is not dispositive of the admissibility of the cocaine appellant was charged with possessing.

address this point, concluding it has not been preserved for appeal. I believe this argument was adequately preserved and is thus properly before this court. However, because I conclude that the search was valid based on Sauseda's apparent authority to consent to the search of appellant's motel room, I concur.

The Court of Criminal Appeals has long held that though a party generally must make a specific objection to preserve error for appeal, "where the grounds of the objection are obvious to the court or the opposing counsel, the error will not be waived." *Eisenhauer v. State,* 754 S.W.2d 159, 161 (Tex.Crim.App.1988). Appellant's written motion to suppress, although very general and brief, did specifically raise the issue of his consent, and the issue of Sauseda's actual or apparent authority to consent was fully litigated at the suppression hearing. Six of the seven witnesses at the hearing gave testimony bearing directly on Sauseda's actual or apparent authority to consent to search appellant's motel room. Though the parties did not make any arguments at the suppression hearing, the testimony developed at the hearing clearly shows that both sides considered the issue of Sauseda's consent to be a central part of appellant's motion to suppress. Because the issue of Sauseda's consent was actually litigated at the suppression hearing, I conclude that appellant has adequately preserved this issue for review. *See Gallups v. State,* 151 S.W.3d 196, 197–98 & n. 1 (Tex.Crim.App.2004) (finding that the issue of consent was not waived because, though not included in defendant's written motion to suppress, consent "was the main issue litigated at the suppression hearing," noting that "we may . . . look to the issue actually litigated at a suppression hearing to determine what issues and claims were preserved").

We review a trial court's ruling on a motion to suppress for an abuse of discretion and afford almost total deference to a trial court's findings of historical fact, as long as they are supported by the record. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). A warrantless search of a residence does not violate the Fourth Amendment if law enforcement officers first obtain the consent of a third party who possesses common authority over the premises to be searched. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). If consent was not obtained from someone with actual authority to consent to a search, a search may nevertheless be proper if the person giving consent had apparent authority. *Illinois v. Rodriguez,* 497 U.S. 177, 188–89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

I believe the record is sufficient to support a finding that Sauseda had apparent authority to consent to the search of appellant's motel room. One of the officers testified that after Sauseda answered the door and said appellant was not there, he asked if Sauseda was staying in the room. When she said yes, the officer asked if he could search the room, and Sauseda again said yes. The officers did not know until later that the room was registered only to appellant, and though Sauseda denied giving consent, the trial court was entitled to believe the officer's testimony. Officers are not allowed to proceed without inquiry when consent is given in ambiguous circumstances. *See Whisenhunt v. State,* 122 S.W.3d 295, 299 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *Riordan v. State,* 905 S.W.2d 765, 771 (Tex.App.-Austin 1995, no pet.). However, based on the officer's testimony, the circumstances were not ambiguous at the time consent was given. Sauseda said she was staying in the room and gave her permission to search. That is sufficient evidence to support a finding of apparent authority in

these circumstances. *See Davis v. State*, 93 S.W.3d 664, 668 (Tex.App.-Texarkana 2002, pet. ref'd) (affirming denial of motion to suppress based on apparent authority from consent of woman who told officers she lived in defendant's house); *Wilson v. State*, No. 04–02–00805–CR, 2004 WL 624541, at *3 (Tex.App.-San Antonio Mar. 31, 2004, no pet.) (not designated for publication) (affirming denial of motion to suppress evidence seized from defendant's vehicle after third party, who was in possession of vehicle, said he was the owner and gave permission to search); *Guzman v. State*, No. 14–98–01449–CR, 2001 WL 699545, at *3 (Tex.App.-Houston [14th Dist.] June 21, 2001, pet. ref'd) (not designated for publication) ("[E]ven if the vehicle did belong to someone else, Rita [Guzman]'s claim of ownership, together with the fact that the Guzman family was in possession of the vehicle when the officers stopped them, gave the officers reason to believe she had authority to consent to the search."); *Brown v. State*, No. 14–95–01237–CR, 1998 WL 418758, at *5 (Tex.App.-Houston [14th Dist.] July 23, 1998, no pet.) (not designated for publication) ("We believe it is reasonable for the officers to assume that when they arrive at a residence, awaken an occupant, and obtain his consent to search the house, he is acting with apparent authority to consent.").

Because I believe appellant has adequately preserved his complaint regarding Sauseda's consent but find that complaint to be without merit, I concur.