In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-472 CR


____________________



ANGELA ANN NELSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A000064-R






MEMORANDUM OPINION



 Pursuant to a plea bargain, appellant Angela Ann Nelson pled guilty to attempting to
obtain a controlled substance by fraud. After Nelson failed to appear at her sentencing
hearing, the trial court refused to follow the plea bargain agreement, assessed punishment at
ten years of confinement and a $10,000 fine, (1) and rescheduled the sentencing hearing. 
Nelson filed this appeal, in which her sole contention is that she received ineffective
assistance of counsel. We affirm the trial court's judgment.

 Nelson contends she received ineffective assistance of counsel because her trial
counsel (1) did not request that the trial court allow her to withdraw her plea, and (2) did not
call any witnesses other than appellant at the sentencing hearing. To prevail on a claim of
ineffective assistance of counsel, appellant must satisfy a two-pronged test:

 First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth
Amendment. Second, the defendant must show that the deficient performance
prejudiced the defense. This requires showing that counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is reliable.


Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Texas courts have
interpreted Strickland to require appellant to show a reasonable probability that, but for her
counsel's errors, the outcome would have been different. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). The same standard applies to both guilt-innocence and
punishment. See Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). "Appellate
review of defense counsel's representation is highly deferential and presumes that counsel's
actions fell within the wide range of reasonable and professional assistance." Bone, 77
S.W.3d at 833 (footnote omitted). Appellant must prove there was no plausible professional
reason for specific acts or omissions of her counsel. Id. at 836.

 "Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)). Appellant must bring forward a record that indicates trial counsel's
performance was not based on sound strategy. See Jackson v. State, 877 S.W.2d 768, 771-72
(Tex. Crim. App. 1994). The bare record on direct appeal is usually insufficient to overcome
the presumption that counsel's conduct was reasonable and professional. Bone, 77 S.W.3d
at 833. In the context of a guilty plea, appellant must show that, but for counsel's deficient
performance, she would not have pled guilty and would have insisted upon going to trial. 
Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). When an appellant
asserts counsel was ineffective because he failed to call witnesses, appellant must
demonstrate that such witnesses were available to testify and that she would have benefitted
from their testimony. Wade v. State, 164 S.W.3d 788, 796 (Tex. App.--Houston [14th Dist.]
2005, no pet.) (citing Wilkerson v. State, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986); King
v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Appellant carries the burden to prove
ineffective assistance of counsel by a preponderance of the evidence. See Thompson, 9
S.W.3d at 813.

 The written plea admonishments signed by Nelson contain the following statement:
"Should the court reject the [plea bargain] agreement, you will be entitled to withdraw your
plea." At the plea hearing, the trial court orally admonished Nelson that she would be
permitted to withdraw her plea of guilty if the trial court rejected the plea bargain agreement. 
The trial judge also admonished Nelson that if she failed to appear for sentencing or failed
to report to the probation department, he would refuse to follow the plea bargain agreement. 
The record indicates that counsel sought a continuance when Nelson failed to appear. The
record does not reveal why counsel did not seek to withdraw the plea. See id.; Bone, 77
S.W.3d at 833. In addition, the record does not demonstrate that witnesses were available
to testify at the sentencing hearing and that Nelson would have benefitted from their
testimony. See Wade, 164 S.W.3d at 796. A petition for writ of habeas corpus is generally
a more appropriate vehicle than direct appeal for raising ineffective assistance of counsel
claims. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Accordingly, we
overrule Nelson's sole issue and affirm the trial court's judgment.

 AFFIRMED.




 

 STEVE McKEITHEN

 Chief Justice

 

Submitted on August 7, 2007

Opinion Delivered September 12, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. We note that the judgment incorrectly recites that the plea bargain agreement was
for ten years of confinement and a $10,000 fine. In fact, the plea bargain agreement was for
deferred adjudication, nine years of community supervision, a $1,000 fine, and twenty-five
days in jail.