Opinion issued October 8, 2009













In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00885-CR




JOSEPH FLUCAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1085685




MEMORANDUM OPINION
          A jury convicted appellant, Joseph Flucas, of theft between $1,500 and
$20,000, a state jail felony, and the trial court assessed punishment at eight months’
confinement. See Tex. Penal Code Ann. § 31.03(a), (b)(1), (e)(4)(A) (Vernon Supp.
2008). In his sole issue, Flucas contends that he received ineffective assistance of
counsel.



          We affirm.
Background
          Houston Police Department Officer W. J. West went to Flucas’s house to
execute an arrest warrant for misdemeanor theft. Officer West saw Flucas cutting
railroad rails with a cutting torch, and he saw additional rails in Flucas’s garage, yard,
and pickup truck, which was equipped with a winch for lifting heavy objects. Officer
West arrested Flucas on the misdemeanor theft warrant. Suspicious of Flucas’s
possession of railroad rails, he contacted Officer C. Enge, an investigator in the
burglary and theft department. Officer Enge came to Flucas’s house, and he saw the
railroad rails in Flucas’s truck and yard. At trial, he testified that he found 138 feet
of rails, in three-foot or six-foot sections. Officer Enge contacted his supervisor, Sgt.
R. Cruz. Sgt. Cruz testified that railroad companies reuse old rails and use only
designated contractors for recycling. Therefore, because Flucas was not a designated
recycling contractor, Flucas could not legally be in possession of the rails. Sgt. Cruz
called Officer M. Rusk, a police officer employed by the Port Terminal Railroad, to
investigate.
          Officer Rusk testified that railroad rails or tracks are never sold to the public.
He opined that Flucas unlawfully appropriated the railroad tracks. Officer L.
Hutchinson, a police officer employed by BNSF,


 testified that he also went to
Flucas’s house. He explained that although railroad rails are not labeled by owner,
they do have date stamps. Officer Hutchinson testified that the rails found at Flucas’s
house had date stamps from 1909 to 1942. He said that he found rails with the same
date stamps at a BNSF facility a few miles away on Mykawa Road. Officer
Hutchinson testified that “rail that old would be stored in the same place typically.”
He also testified that the Mykawa facility is not public property and is marked with
“no trespassing” signs.
          Coincidentally, Officer Hutchinson had patrolled the Mykawa facility the
previous day. When he returned to the Mykawa facility after visiting Flucas’s house,
he noticed tire prints in the mud and gouge marks in the dirt. Officer Hutchinson
arranged for the rails at Flucas’s house to be moved to a secure facility. At trial,
Officer Hutchinson testified that the rails recovered from Flucas’s house weighed
approximately 3,000 lbs and were worth about $3,450 to the company.
          Special Agent K. Heier, a peace officer employed by BNSF, testified that the 
material recovered from Flucas’s house was unique and “similar to material that was
already [at the Mykawa facility] and there were still marks on the ground for that.”
He testified that the rails were not abandoned, Flucas did not have permission to take
them, and they were worth around $3,000.
          Ona Lyons, Flucas’s next-door neighbor, testified that she heard his truck leave
at approximately 2:00 a.m. on the day he was arrested. When Flucas returned around
7:00 a.m., he began cutting railroad tracks with a cutting torch. Lyons said that she
thought he worked for a railroad because he always had railroad rails or tracks.
          Flucas testified that he collected scrap metal in his free time and that he never
took anything from private property.


 He said that he determined whether property
was public or private based on fences and “no trespassing” signs. He also testified
that the rails found at his house came from a location other than the Mykawa facility,
and he introduced photographs of the other location as evidence. Flucas testified that
he was in possession of 10–12 pieces of cut rails, which would be worth about $5 per
100 pounds as scrap metal.
          The jury convicted Flucas of theft of property between $1,500 and $20,000, a
state jail felony. See Tex. Penal Code Ann. § 31.03 (a), (b)(1), (e)(4)(A) (Vernon
Supp. 2008). The trial court sentenced Flucas to eight months’ imprisonment, and
Flucas appealed, arguing ineffective assistance of counsel.
                                                 Standard of Review
          The standard of review for claims of ineffective assistance of counsel is set
forth in Strickland v. Washington, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69
(1984), and Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail
on his claims, appellant must first show that his counsel’s performance was deficient. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 833.
“Specifically, appellant must prove, by a preponderance of the evidence, that his
counsel’s representation fell below the objective standard of professional norms.” 
Bone, 77 S.W.3d at 833. “Second, appellant must show that this deficient
performance prejudiced his defense.” Id. This means that appellant “must show a
reasonable probability that, but for his counsel’s unprofessional errors, the result of
the proceeding would have been different.” Id. (quoting Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002)). A “reasonable probability” is one “sufficient to
undermine confidence in the outcome.” Bone, 77 S.W.3d at 833. Thus, the
“benchmark for judging any claim of ineffectiveness must be whether counsel’s
conduct so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686,
104 S. Ct. at 2064.
          There is a strong presumption that counsel’s conduct fell within the wide range
of reasonable professional assistance, and the defendant must overcome the
presumption that the challenged action might be considered sound trial strategy. Id.,
466 U.S. at 689, 104 S. Ct. at 2065. To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 
When determining the validity of an ineffective assistance of counsel claim, judicial
review must be highly deferential to trial counsel and avoid the deleterious effects of
hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). The
record on direct appeal will rarely contain sufficient information to evaluate an
ineffective assistance of counsel claim. See Bone, 77 S.W.3d at 833. Based on such
a record, a finding that counsel was ineffective would normally require impermissible
speculation by the appellate court. Stults v. State, 23 S.W.3d 198, 208 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d). When the record is silent as to trial
counsel’s strategy, we will not conclude that defense counsel’s assistance was
ineffective unless the challenged conduct was “‘so outrageous that no competent
attorney would have engaged in it.’” Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.
Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)). 
Discussion
          In his sole issue on appeal, Flucas contends that his trial counsel was
ineffective because he failed to: (1) adequately prepare for trial; (2) investigate facts;
(3) interview witnesses; and (4) contest the trial court’s jurisdiction and the alleged
value of the rails found at his house. Flucas did not file a motion for a new trial, and
he failed to develop evidence of his trial counsel’s strategy. See Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d) (ordinarily trial
court record is inadequate to properly evaluate ineffective-assistance-of-counsel claim
because it is not focused specifically on trial counsel’s conduct). 
          We have reviewed the record. Nothing in the record supports Flucas’s
contentions that his counsel failed to prepare for trial, investigate facts, or interview
witnesses. Flucas specifically argues his counsel failed to “contest and deduce proof
that the railroad rails were not ‘new’ or ‘useable’ as alleged by the State, but rather
pig iron scrap.” The State did not allege that the rails were new or useable. Rather,
the indictment alleged that they were owned by Ken Heier of BNSF and had a value
greater than $1,500 and less than $20,000. Flucas further argues that had his trial
counsel been able to prove that the rails were worth less than $1,500, the trial court
would have been divested of jurisdiction and the offense, if any, would have been
reduced to a misdemeanor “with penalties of less than (1) one year in the county jail.” 
Here, had the jury found that the value of the rails was less than $1,500, Flucas would
have been acquitted, which is what Flucas’s trial counsel urged in his closing
argument. Moreover, his trial counsel vigorously cross-examined the witnesses as
to the quantity of rails found at Flucas’s house, the value of those rails, and the
usability of those older rails. 
          Flucas also argues that his trial counsel “failed to file proper motions to
discover adverse witness testimony to attempt to impeach railroad officials who
testified that appellant stole said rails from the . . . Mykawa Road storage facility.”
Flucas fails to identify any such witnesses or offer any proof that they exist and what
the substance of their testimony would have been. “A claim of ineffective assistance
of counsel based on counsel’s failure to call witnesses fails in the absence of a
showing that such witnesses were available to testify and that the defendant would
have benefitted from their testimony.” Wade v. State, 164 S.W.3d 788, 796 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).
          Based on the record before us, we conclude that Flucas has not overcome the
“strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Nor has he
shown that his trial counsel’s conduct was “so outrageous that no competent attorney
would have engaged in it.” Goodspeed, 187 S.W.3d at 392. Accordingly, we hold
that Flucas has not shown that his counsel’s conduct was deficient, and we overrule
Flucas’s sole issue.
 
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                   Michael Massengale
                                                   Justice

Panel consists of Chief Justice Radack and Justices Bland and Massengale.

Do not publish. Tex. R. App. P. 47.2(b).