In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00133-CR
_____

RONALD RAY EWING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR32182

**MEMORANDUM OPINION**

A jury convicted appellant Ronald Ray Ewing as an habitual offender of credit card or debit card abuse and assessed punishment at nine years of confinement. In two appellate issues, Ewing argues that trial counsel rendered ineffective assistance by (1) "failing to diligently pursue the attendance of a defensive witness" and (2) failing to offer the witness's statement, or, alternatively, present an offer of proof regarding the statement of the witness.

1

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id*.

Ewing must prove that there was no professional reason for specific acts or omissions of his counsel. *See id*. at 836. In addition, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds by Mosley v. State*, 983 S.W.2d

249 (Tex. Crim. App. 1998)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted). "A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify *and* that the defendant would have benefitted from their testimony." *Wade v. State*, 164 S.W.3d 788, 796 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986; *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *see also Garrett v. State*, 998 S.W.2d 307, 314 (Tex. App.—Texarkana 1999, pet. ref'd).

After voir dire, the following colloquy between defense counsel and the trial judge occurred:

> [DEFENSE COUNSEL]: Your Honor, we this morning have filed a motion for continuance. We have attempted to locate a witness that is necessary for the full adjudication of this matter.
> We have heretofore been unable to locate this witness. Although he was interviewed by the investigator and an audio recording was made of his statement, he informed the officer he lived out of state in Arkansas; and the only information we have is his telephone number.
> I have made calls continuously for about two weeks, and I have heard nothing from Mr. [M.].
> THE COURT: When you call the number, is it answered?
> [DEFENSE COUNSEL]: It is. It's a voice mail for [M.]. It says it's him.

THE COURT: What other efforts have been employed by the defense to secure the presence of this witness other than calling the telephone number?

[DEFENSE COUNSEL]: Judge, he doesn't have a permanent address that I can locate. I Googled him, and I get nothing. So, I know he lives in an RV based on the audio recording. I guess he goes around [to] different places in his RV working.

. . .

THE COURT: Have you reviewed the statement?

[DEFENSE COUNSEL]: I have.

THE COURT: And will that suffice?

[DEFENSE COUNSEL]: It would be helpful, yes, sir. . . . It would be more helpful if I had him here, but . . . in light of the fact that [another witness] is now going to testify [M.] even becomes a more critical witness.

THE COURT: Well, tell me about other efforts employed to attempt to gain the presence of this witness.

. . .

[DEFENSE COUNSEL]: Other than the efforts that I previously described, nothing else.

THE COURT: Has a subpoena been requested?

[DEFENSE COUNSEL]: Yes, sir.

. . .

[DEFENSE COUNSEL]: So, I renewed an application for subpoena again this morning; but, Judge, quite frankly I don't have any idea where to even begin to serve that subpoena.

The trial court denied defense counsel's motion for continuance, and the case proceeded to trial after the trial judge noted, "I want to assure this record that nothing was brought to the court's attention with respect to this witness until this morning at about 8:20."

Ewing did not file a motion for new trial, so the record is silent as to why counsel did not raise the issue of M.'s attendance at trial earlier, offer M.'s statement,

4

or make an offer of proof regarding what the substance of M.'s testimony would have been. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833; *see also Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). In addition, on this record, we conclude that Ewing has failed to establish that the witness was available and that Ewing would have benefitted from the witness's testimony, nor has Ewing defeated the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Wade*, 164 S.W.3d at 796; *Bone*, 77 S.W.3d at 833. The record does not demonstrate that defense counsel's performance was the product of an unreasoned or unreasonable trial strategy, or that counsel's performance led to an unreliable verdict or punishment. *See Bone,* 77 S.W.3d at 834. Furthermore, our review of the record does not indicate that, but for the complained-of errors, the result of Ewing's trial would have been different. *See id*. at 833. Accordingly, we overrule issues one and two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 5, 2017
Opinion Delivered February 22, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.