**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00350-CR**
_____

**JUSTIN LEVI BURNS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-10-11786-CR**

**MEMORANDUM OPINION**

Appellant Justin Levi Burns appeals his conviction for continuous sexual abuse of a child. In six issues on appeal, Burns complains about the admission of extraneous offense testimony, the denial of his motion for mistrial, and the denial of a fair trial due to defense counsel's allegedly deficient performance that prejudiced his defense. We affirm the trial court's judgment.

## BACKGROUND

A grand jury indicted Burns for continuous sexual abuse of A.M., a child. *See* Tex. Penal Code Ann. § 21.02(b) (West Supp. 2016).[1] A.M. was nine years old at the time of trial. Several witnesses testified that A.M. had autism. A.M. testified that Burns is her uncle. A.M. testified that when she was at Burns's house, Burns forced her to go into his room and Burns "put his private in my bottom and he licked my private[.]" According to A.M., the abuse occurred more than once, but A.M. did not know how many times. A.M. explained that she finally told her mother because she wanted the abuse to stop.

A jury found Burns guilty of continuous sexual abuse of a child and assessed punishment at life in prison. The trial court sentenced Burns to life in prison. Although Burns failed to timely appeal, the record shows that Burns filed an application for a writ of habeas corpus alleging that his trial counsel was ineffective for failing to timely file a notice of appeal, and the Court of Criminal Appeals ordered that Burns be allowed to file an out-of-time appeal.

---

[1]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

ANALYSIS

In issues one and two, Burns complains that the trial court erred by overruling his objections to the extraneous offense testimony of the State's witness, Investigator Joey Ashton, who testified that when he arrested Burns in Colorado for the sexual abuse of A.M., Burns provided a false name and date of birth. Burns argues that Ashton's testimony was irrelevant because the extraneous conduct was not similar to the charged conduct of continuous sexual abuse of a child. *See* Tex. R. Evid. 404. Burns further argues the probative value of Ashton's testimony did not outweigh its unfairly prejudicial effect. *See* Tex. R. Evid. 403.

We review the trial court's ruling to admit extraneous offense evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). The trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We will not disturb a trial court's evidentiary ruling if it is correct on any applicable theory of law, even if the trial court gave the wrong reason for its ruling. *De La Paz*, 279 S.W.3d at 344; *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

3

accordance with the character." Tex. R. Evid. 404(b). "An exception to this rule of inadmissibility provides that evidence of other crimes, wrongs, or acts may be admissible for another purpose, for example, to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.'" *Burks v. State*, 227 S.W.3d 138, 147 (Tex. App.—Houston [1st Dist.] 2006, pet ref'd); *see also Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). "Extraneous offense evidence of 'other crimes, wrongs, or acts' may have noncharacter-conformity relevance when it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than without the extraneous offense evidence." *Burks*, 227 S.W.3d at 148.

Extraneous offense evidence may be admissible to show consciousness of guilt. *See Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994). Evidence of flight is admissible evidence from which an inference of guilt may be drawn, and it is also relevant to show efforts made to locate or apprehend a defendant, as well as to show the circumstances surrounding his arrest. *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); *Cantrell v. State*, 731 S.W.2d 84, 92 (Tex. Crim. App. 1987); *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). Evidence of flight is admissible even if it shows the commission of other crimes. *Cantrell*, 731 S.W.2d at 92. To have evidence of flight excluded, the defendant must affirmatively

4

show that the flight was directly connected to some other transaction and not connected with the offense at trial. *See Bigby*, 892 S.W.2d at 883.

The record shows that Burns objected to the extraneous offense testimony based on relevance, and that the trial court overruled Burns's relevance objection. The record further shows that defense counsel objected to testimony that Burns gave Ashton an incorrect name and date of birth, stating that it is the act of fleeing that is evidence of guilt, not giving the wrong name or date of birth. The trial court overruled defense counsel's objection. Defense counsel then reiterated his objection, stating that the issues properly before the jury do not concern the incident in Colorado. The trial court allowed the extraneous offense testimony, finding that flight is an indication of guilt.

We conclude that evidence of Burns's flight and giving of the wrong name and date of birth was relevant and admissible to show, without violating Rule 404(b), that Burns was conscious of his guilt. *See Bigby*, 892 S.W.2d at 883; *Cantrell*, 731 S.W.2d at 92; *Foster*, 779 S.W.2d at 859. The evidence was also admissible to show the circumstances surrounding Burns's arrest. *See Cantrell*, 731 S.W.2d at 93. Burns presented no evidence showing that the flight was directly connected to some other transaction and not connected with the offense at trial. *See Bigby*, 892 S.W.2d at 883.

Burns also argues that Ashton's testimony prejudiced the outcome of his trial. *See* Tex. R. Evid. 403. To preserve a complaint regarding the admission of evidence for appellate review, a defendant must lodge a timely, specific objection, and that objection must comport with the defendant's complaint on appeal. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The record shows that Burns did not object to the extraneous offense testimony based on Rule 403. Because Burns's Rule 403 complaint fails to comport with the objections he made at trial, we conclude that Burns has failed to preserve this argument for our review. *See* Tex. R. App. P. 33.1. We overrule issues one and two.

In issue three, Burns contends that the trial court erred in denying his motion for mistrial after it was revealed that J.S., who was seated in the gallery, had been signaling to A.M. during A.M.'s testimony regarding the alleged acts of sexual contact. Burns complains that the trial court failed to eject J.S. from the courtroom after J.S.'s conduct was detected, and also failed to inquire as to J.S.'s connection to the parties. According to Burns, J.S.'s coaching of A.M. denied him a fair trial, and the only way of curing the error was by the trial court granting a new trial.

The record shows that during A.M.'s testimony, defense counsel advised the trial court during a bench conference that he had observed a lady in the audience coaching A.M. The prosecutor stated the she did not think that A.M. had taken her

6

eyes off the prosecutor. Neither the prosecutor nor defense counsel knew who the lady was. The record shows that when the trial court questioned the lady outside the presence of the jury, the lady identified herself as J.S., and J.S. stated that she was not nodding towards A.M. J.S. explained that she was "sitting up straight to see over the monitor to see [A.M.]"According to J.S., she was moving her head because she was having trouble seeing A.M. At that point, defense counsel asked for a mistrial. The trial court denied Burns's request for a mistrial and instructed J.S. to "make sure [she was] not nodding or anything toward [A.M.]"

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view "the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling." *Id.* We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*. Mistrial is an appropriate remedy only when the error is highly prejudicial and incurable. *Id.* (citing *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)).

Under the circumstances here, the trial court questioned J.S. about whether she had been coaching A.M., and J.S. denied that she had nodded towards A.M. and claimed that she was merely moving her head so that she could see A.M. The record

7

contains no evidence that J.S. was coaching A.M. We conclude that the trial court's ruling was within the zone of reasonable disagreement and, therefore, did not constitute an abuse of discretion. *See Ocon*, 284 S.W.3d at 884. Accordingly, we overrule issue three.

In issues four, five, and six, Burns complains that defense counsel's deficient performance resulted in an unfair trial. To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Id.*

8

Burns must prove that there was no professional reason for specific acts or omissions of his counsel. *See id.* at 836. In addition, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted). "A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony." *Wade v. State*, 164 S.W.3d 788, 796 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986)); *see also Garrett v. State*, 998 S.W.2d 307, 314 (Tex. App.—Texarkana 1999, pet. ref'd).

In issues four and five, Burns argues that defense counsel was deficient by failing to secure the presence of two witnesses whose testimony would have gone to the credibility of another witness. According to Burns, despite the two witnesses being present at some point during the trial, defense counsel failed to have the

9

witnesses sworn in and ordered to appear to testify. Burns complains that defense counsel's actions failed to comply with the Sixth Amendment's requirement to provide an adversarial testing process at trial.

Burns filed a motion for new trial in which he raised numerous issues, including ineffective assistance of counsel. However, the record does not reflect that the trial court conducted a hearing on Burns's motion for new trial. Any allegation that trial counsel was ineffective must be firmly grounded in the record before we may find that counsel provided ineffective assistance. *See Thompson*, 9 S.W.3d at 813. Even assuming without deciding that defense counsel was deficient by failing to secure the presence of the two witnesses, the record is silent as to the content of either witness's testimony. In the absence of evidence establishing that the testimony of the witnesses would have benefited Burns's defense, Burns has failed to satisfy the second prong. *See Wilkerson*, 726 S.W.2d at 551; *Garrett*, 998 S.W.2d at 314. Accordingly, Burns has failed to prove that he was denied effective assistance of counsel due to his counsel's failure to call witnesses. *See Bone*, 77 S.W.3d at 833. We overrule issues four and five.

In issue six, Burns argues that defense counsel was deficient by failing to insist upon the admission of *Brady* material that challenged the credibility of the complaining witness's mother, M.P. According to Burns, although the record shows

that the trial court asked that sensitive information be redacted from the State's file and that the trial court offered to remove the sensitive information so the documents could be admitted at trial, defense counsel failed to request a delay and insist upon the introduction of the *Brady* material. According to Burns, the exclusion of the evidence regarding M.P.'s record of recanted allegations in other cases left the jury with an incomplete picture of M.P.'s reliability.

During trial, defense counsel made an offer of proof regarding evidence that allegedly included *Brady* information concerning M.P.'s credibility. Defense counsel noted that he had originally agreed to take out records that the State wanted to remove, but now was requesting that the trial court admit any removed portions. At that point, the trial court advised defense counsel that it had not made any ruling on the records because the records had not been offered, and the trial court advised defense counsel that it would consider the evidence when it was offered. The trial court instructed defense counsel that it was "still waiting for the formal proffer[,]" and stated that "[i]t's up to you-all to get me an exhibit that is admissible and whole." The record shows that defense counsel rested without offering the evidence containing the alleged *Brady* information, so the trial court never ruled on its admissibility.

On this record, we cannot conclude that defense counsel's failure to offer the evidence containing the alleged *Brady* information was deficient or that the outcome of Burns's trial would have been different had the evidence been admitted. *See id.* Accordingly, Burns cannot defeat the presumption that trial counsel's assistance was reasonable and professional. *See id.*; *see also Thompson*, 9 S.W.3d at 814. We overrule issue six. Having overruled all of Burns's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 3, 2017
Opinion Delivered December 6, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

12